**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL BRADSHAW, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 2:24-cv-00114-MEF-JBC |
| v. | Motion Return Date: May 6, 2024 |
| CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

<u>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT**</u>
<u>**OF ITS MOTION TO DISMISS AND/OR STRIKE CERTAIN IMPROPER**</u>
<u>**ALLEGATIONS FROM PLAINTIFF'S COMPLAINT**</u>

**MANATT, PHELPS & PHILLIPS, LLP**

Kenneth D. Friedman
A. Paul Heeringa (*pro hac* forthcoming)
7 Times Square
New York, NY 10036
Phone: (212) 830-7184
Fax: (212) 790-4545
kfriedman@manatt.com
pheeringa@manatt.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................1

APPLICABLE LEGAL STANDARDS ..................................................4

    A.    Rule 12(b)(6): Failure to State a Claim for Relief ..............................4

    B.    Rule 12(b)(1): Lack of Federal Subject Matter Jurisdiction ...............5

    C.    Rules 12(f) and 23: Striking Improper Class and Other
        Allegations..........................................................................................5

ARGUMENT ..........................................................................................6

I.    Plaintiff's Entire Complaint Should Be Dismissed Under Rule
    12(b)(6) for Failure to State a Plausible Claim for Relief Under the
    TCPA ...................................................................................................6

    A.    Plaintiff Fails to Plead Facts Supporting a Theory Of Liability ..........7

    B.    Plaintiff Fails to Plead Facts Supporting Other Essential
        Elements of His Asserted TCPA "Prerecorded Call" Claim
        (Count I) ...........................................................................................16

    C.    Plaintiff Fails to Plead Facts Supporting Other Essential
        Elements of His Asserted TCPA "Internal Do Not Call" Claim
        (Count II) ..........................................................................................19

II.    Plaintiff's Requests for Injunctive Relief Should Be Dismissed Under
    Rule 12(b)(1) for Lack of Federal Subject Matter Jurisdiction /
    Standing ............................................................................................27

III.    Alternatively, The Court Should Strike Certain Improper Allegations
    from the Complaint Pursuant to Rules 12(f) and/or 23 ...............................27

CONCLUSION .....................................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ....................................8, 10, 12, 17

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018).....................................................7, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................4, 13, 14

*Bailey v. Domino's Pizza, LLC*,
867 F. Supp. 2d 835 (E.D. La. 2012)...........................................................21, 24

*Balassiano v. Fogo De Chao Churrascaria (Orlando) LLC*,
2020 WL 7365264 (M.D. Fla. Dec. 15, 2020) ...................................................29

*Bank v. Philips Elecs. N. Am. Corp.*,
2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015) ...................................................14

*Bank v. Vivint Solar, Inc.*,
2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019) ....................................................12

*Barnes v. SunPower Corp.*,
2023 WL 2592371 (N.D. Cal. Mar. 16, 2023) ...................................................10

*Barr v. Macy's.com, LLC*,
2023 WL 6393480 (S.D.N.Y. Sept. 29, 2023) ......................................22, 23, 24

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................4, 6, 13, 14

*Boyer v. Diversified Consultants, Inc.*,
306 F.R.D. 536 (E.D. Mich. 2015) ...................................................................29

*Braver v. NorthStar Alarm Serv., LLC*,
2019 WL 3208651 (W.D. Okla. July 16, 2019) ...........................................19, 20

*Bridges v. Torres*,
809 F.App'x 69 (3d Cir. 2020).............................................................................4

*Brownlee v. Allstate Ins. Co.*,
2021 WL 4306160 (N.D. Ill. Sept. 22, 2021)................................................9, 11

*Bryant v. King's Creek Plantation, LLC*,
2020 WL 6876292 (E.D. Va. June 22, 2020)....................................................29

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Buckley v. Early Warning Servs., LLC.*,
2021 WL 5413887 (E.D. Pa. Sept. 28, 2021) ......................................................5

*Burdge v. Ass'n Health Care Mgmt. Inc.*,
2011 WL 379159 (S.D. Ohio Feb. 2, 2011) .......................................................20

*Callier v. Nat'l United Grp., LLC*,
2021 WL 5393829 (W.D. Tex. Nov. 17, 2021) ..................................................24

*Caruso v. Cavalry Portfolio Svcs.*,
2019 WL 4747679 (S.D. Cal. Sept. 30, 2019) ...................................................17

*Charvat v. DFS Servs. LLC*,
781 F. Supp. 2d 588 (S.D. Ohio 2011) ..............................................................21

*Charvat v. GVN*,
561 F.3d at 632 ...................................................................................................22

*Charvat v. NMP*,
656 F.3d 440 (6th Cir. 2011) .......................................................................20, 21

*Clark v. McDonald's Corp.*,
213 F.R.D. 198 (D.N.J. 2003) ..............................................................................6

*Cornell Univ. v. Illumina, Inc.*,
2012 WL 1885129 (D. Del. May 23, 2012) ..................................................4, 13

*Cunningham v. Daybreak Solar Power, LLC*,
2023 WL 3985245 (N.D. Tex. June 13, 2023) ..................................................15

*Cunningham v. Politi*,
2019 WL 2517085 (E.D. Tex. Apr. 30, 2019) ..............................................24, 25

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
2017 WL 3574451 (M.D. Tenn. July 27, 2017) ...........................................24, 25

*Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*,
450 F.3d 130 (3d Cir. 2006) .........................................................................4, 13

*Curry v. Synchrony Bank, N.A.*,
2015 WL 7015311 (S.D. Miss. Nov. 12, 2015) .................................................17

*Dixon v. Monterey Fin. Servs., Inc.*,
2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) ...................................................29

*Donaca v. Dish Network, LLC*,
303 F.R.D. 390 (D. Colo. 2014) ...........................................................................8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Doyle v. GoHealth, LLC*,
2023 WL 3984951 (D.N.J. Mar. 30, 2023) ......................................................11

*Doyle v. Matrix Warranty Sols., Inc.*,
2023 WL 4188313 (D.N.J. June 26, 2023)..................................................15, 18

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517
(1994)...............................................................................................................28

*Finkelman v. Nat'l Football League*,
810 F.3d 187 (3d Cir. 2016) ...........................................................................5

*Fisher v. Alarm.com Holdings, Inc.*,
2018 WL 5717579 (N.D. Ill. Nov. 1, 2018) ....................................................28

*Flores v. City of California City*,
2019 WL 1934016 (E.D. Cal. May 1, 2019) ....................................................30

*Frank v. Cannabis & Glass, LLC*,
2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ..................................................9

*Garcia v. Munoz*,
2008 WL 2064476 (D.N.J. May 14, 2008).......................................................23

*Gen. Tel. Co. of the Sw. v. Falcon*,
457 U.S. 147 (1982)...........................................................................................6

*Gillam v. Reliance First Capital, LLC*,
2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ...........................................passim

*Gutierrez v. Peters*,
111 F.3d 1364 (7th Cir.1997) ..........................................................................23

*Hernandez v. Select Portfolio, Inc.*,
2015 WL 3914741 (C.D. Cal. June 25, 2015)..................................................14

*Hicks v. Alarm.com*,
2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ..............................................passim

*Hurley v. Messer*,
2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018) ..................................................13

*Hyatt v. J.B. Hunt Transp. Servs., Inc.*,
2015 WL 13648356 (W.D. Ark. June 16, 2015) ...............................................13

*In re Dish Network, LLC*,
2013 WL 1934349, 28 FCC Rcd. 6574 (2013) ..................................................8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Johansen v. Vivant, Inc.*,
2012 WL 6590551 (N.D. Ill. Dec. 18, 2012).....................................................16

*Klein v. Just Energy Grp., Inc.*,
2016 WL 3539137 (W.D. Pa. June 29, 2016) .....................................................8

*Kline v. Elite Med. Labs., Inc.*,
2019 WL 6828590 (M.D. Pa. Dec. 13, 2019) ...................................................15

*Laccinole v. Appriss, Inc.*,
453 F. Supp. 3d 499 (D.R.I. 2020) ..............................................................21, 24

*Landy v. Nat. Power Sources, LLC*,
2021 WL 3634162 (D.N.J. Aug. 17, 2021) ............................................8, 10, 15

*Lindsay Transmission, LLC v. Office Depot, Inc.*,
2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ......................................................29

*Manopla v. Sansone Jr's 66 Automall*,
2020 WL 1975834 (D.N.J. Jan. 10, 2020).....................................................16, 17

*Mantha v. QuoteWizard.com, LLC*,
2022 WL 325722 (D. Mass. Feb. 3, 2022) ...................................................25, 26

*Martinez v. TD Bank USA*,
2017 WL 2829601 (D.N.J. June 30, 2017).........................................................29

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ........................................9, 10, 15

*Messner v. Northshore University HealthSystem*,
669 F.3d 802 (7th Cir. 2012) .............................................................................29

*Metzler v. Pure Energy USA LLC*,
2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023) ...........................................9, 17, 19

*Miller v. Time Warner Cable Inc.*,
2016 WL 7471302 (C.D. Cal. Dec. 27, 2016).................................................5, 27

*Morgan v. U.S. Xpress, Inc.*,
2018 WL 3580775 (W.D. Va. July 25, 2018) ...................................................25

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997) ...............................................................................4

*Nelums v. Mandu Wellness, LLC*,
2023 WL 5607594 (D.N.M. Aug. 30, 2023) .....................................................15

# TABLE OF AUTHORITIES

(continued)

**Page(s)**

*Pascal v. Agentra, LLC*,
  2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ......................................................7

*Pepka v. Kohl's Dep't Stores, Inc.*,
  2016 WL 8919460 (C.D. Cal. Dec. 21, 2016).....................................................29

*Rahimian v. Adriano*,
  2022 WL 798371 (D. Nev. Mar. 16, 2022) .................................................23, 24

*Redden v. Smith & Nephew, Inc*.,
  2010 WL 2944598 (N.D. Tex. July 26, 2010)...............................................5, 13

*Reo v. Caribbean Cruise Line, Inc.*,
  2016 WL 1109042 (N.D. Ohio Mar. 18, 2016)...................................................17

*Rogers v. Assurance IQ, LLC*,
  2023 WL 2646468 (W.D. Wash. Mar. 27, 2023).............................15, 17, 25, 26

*Rogers v. Postmates Inc.*,
  2020 WL 3869191 (N.D. Cal. July 9, 2020) ....................................................7, 15

*Royal Mile Co. v. UPMC*,
  40 F. Supp. 3d 552 (W.D. Pa. 2014).....................................................................6

*Santiago v. Warminster Township*,
  629 F.3d 121 (3d. Cir. 2010) ................................................................................4

*Saragusa v. Countrywide*,
  2016 WL 1059004 (E.D. La. Mar. 17, 2016), *aff'd* 707 F.App'x 797 (5th
  Cir. 2017) ...........................................................................................................17

*Sauter v. CVS Pharmacy, Inc.*,
  2014 WL 1814076 (S.D. Ohio May 7, 2014)......................................................29

*Schaevitz v. Braman Hyundai, Inc.*,
  437 F. Supp. 3d 1237 (S.D. Fla. 2019)................................................................27

*Scruggs v. CHW Grp., Inc.*,
  2020 WL 9348208 (E.D. Va. Nov. 12, 2020) .......................................................9

*Sheski v. Shopify (USA) Inc.*,
  2020 WL 2474421 (N.D. Cal. May 13, 2020)........................................................8

*Simmons v. Charter Commc'ns, Inc.*,
  222 F. Supp. 3d 121 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir.
  2017) ...............................................................................................................22, 24

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Smith v. Direct Building Supplies, LLC*,
2021 WL 4623275 (E.D. Pa. Oct. 7, 2021) ...............................................8, 10, 11

*Smith v. Pro Custom Solar LLC*,
2021 WL 141336 (D.N.J. Jan. 15, 2021)........................................................16, 17

*Smith v. Vision Solar LLC*,
2020 WL 5632653 (E.D. Pa. Sept. 21, 2020)...........................................8, 10, 25

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014)..........................................................................................27

*Thomas v. Taco Bell Corp.*,
582 F.App'x 678 (9th Cir. 2014) .........................................................................8

*Thomas v. Varano*,
532 F. App'x 142 (3d Cir. 2013)........................................................................18

*Tomaszewski v. Circle K Stores Inc.*,
2021 WL 2661190 (D. Ariz. Jan. 12, 2021) ......................................................29

*Trumper v. GE Capital Retail Bank*,
2014 WL 7652994 (D.N.J. July 7, 2014) ...........................................................17

*Whittlestone, Inc. v. Handi–Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ..............................................................................6

*Wilson v. PH Phase One Operations L.P.*,
422 F. Supp. 3d 971 (D. Md. 2019)..............................................................19, 20

*Winters v. Quicken Loans Inc.*,
2020 WL 5292002 (D. Ariz. Sept. 4, 2020) .......................................................17

*Woo v. Home Loan Group, L.P.*,
2007 WL 6624925 (S.D. Cal. Jul. 27, 2007) .....................................................28

*Worsham v. Disc. Power, Inc.*,
2021 WL 5742382 (D. Md. Dec. 1, 2021), *aff'd*, No. 22-1942, 2023 WL
2570961 (4th Cir. Mar. 20, 2023).....................................................................20

*Worsham v. Travel Options, Inc.*,
2016 WL 4592373 (D. Md. Sept. 2, 2016), *aff'd*, 678 F.App'x 165 (4th
Cir. 2017) .........................................................................................................19

*Yagman v. Allianz Ins.*,
2015 WL 5553460 (C.D. Cal. May 11, 2015) .....................................................6

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Zarichny v. Complete Payment Recovery Servs., Inc.*,
   80 F. Supp. 3d 610 (E.D. Pa. 2015)...........................................................15, 29

## STATUTES

47 U.S.C. § 227(b)(1)(A)(iii)......................................................................7

47 U.S.C. § 227(c)(5).............................................................................24

47 U.S.C. § 227(c)(5) & (d)......................................................................7

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(a)(1) & (2)................................................................7

47 C.F.R. § 64.1200(c)(2).......................................................................24

47 C.F.R. § 64.1200(d)...................................................................passim

47 C.F.R. § 64.1200(d)(1).......................................................................23

U.S. Const. Art. III..........................................................................3, 5, 27

## RULES

Fed. R. Civ. P. 8...................................................................................14

Fed. R. Civ. P. 12(b)(1)..................................................................passim

Fed. R. Civ. P. 12(b)(6)..................................................................passim

Fed. R. Civ. P. 12(f)......................................................................passim

Fed. R. Civ. P. 23...................................................................5, 6, 29, 30

CHW Group, Inc. d/b/a Choice Home Warranty ("CHW") hereby respectfully moves (i) pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) to dismiss the Complaint (*see* Dkt. 1) by Plaintiff Michael Bradshaw ("Plaintiff") in this action in its entirety, and (ii) in the alternative, to strike the improper class and other allegations therein pursuant to Fed. R. Civ. P. 12(f) and/or 23. In support thereof, CHW states as follows:

## **INTRODUCTION**

In his Complaint, Plaintiff alleges, in a conclusory fashion and without adequate requisite factual support, that he received calls and text messages that he concludes were initiated by "Choice Home Warranty and/or its agents" in violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq*., the "TCPA"). However, his Complaint falls short of complying with federal pleading standards, as it lacks sufficient non-conclusory facts supporting his two asserted claims; and merely regurgitating the legal elements of a claim (like what Plaintiff did here) cannot avoid dismissal in this or any federal case. He also cannot expect to represent two nationwide putative classes based on the plainly-defective class allegations in his pleading. Thus, his Complaint should be dismissed in its entirety for at least the following reasons:

**First**, the Complaint should be dismissed under Rule 12(b)(6), as Plaintiff fails to state plausible claims under the TCPA or to plead adequate facts supporting such claims. To begin, to successfully plead <u>any</u> TCPA claim under any TCPA provision and avoid dismissal, <u>all</u> plaintiffs must first allege a viable theory of liability—*i.e.,*

direct or vicarious liability. Here, Plaintiff fails to plead sufficient, non-conclusory facts supporting a plausible inference either that CHW: (i) <u>itself</u>, and not a third party, "physically" placed <u>each</u> call at issue, as required to plead direct TCPA liability; or (ii) was in a common law agency relationship with (the touchstone of which is having sufficient "control" over) any third party who did physically call him and its calling campaign, as required to plead vicarious TCPA liability. This pleading defect <u>alone</u> is fatal to Plaintiff's entire Complaint. Indeed, countless federal courts in and beyond this Circuit have recognized that simply taking an "either/or" pleading approach and concluding "the defendant or its agent called me" (like what Plaintiff alleges here) is insufficient to avoid dismissal of any TCPA claim on these bases under Rule 12(b)(6).

**Second,** Plaintiff's claim under Section 227(b) of the TCPA in Count I should be dismissed for the additional reason that he fails to plead facts, beyond his bald conclusions, supporting an inference that any call he received involved an "artificial or prerecorded voice," as required. While courts do not expect a plaintiff to know the exact technical specifications at this stage, they have consistently held that plaintiffs must plead actual facts supporting an inference such technology was actually used, and cannot simply parrot the language of the statute. The latter is all Plaintiff has done.

**Third**, assuming *arguendo* that there even is a private cause of action for alleged violations of the TCPA's "internal" "Do Not Call" ("DNC") requirements, which Plaintiff has invoked here for his claim in Count II of his Complaint and is

-2-

disputed below,[1] Plaintiff's allegations regarding CHW's supposed lack of internal DNC policies and procedures are wholly conclusory, speculative, and contradicted by other facts alleged in the Complaint. Moreover, Plaintiff does not sufficiently allege he qualifies as a "residential telephone subscriber" (*i.e.*, that he use the subject number for "residential" purposes), such that those internal rules would apply to him in any event. Thus, Count II should be dismissed under Rule 12(b)(6) on these grounds, too.

**Fourth**, if it does not dismiss the entire Complaint, the Court should at least dismiss the Complaint in part under Rule 12(b)(1) for lack of federal subject matter jurisdiction. That is because Plaintiff does not allege actual facts suggesting he is at risk of a possible future injury, which is indisputably what is required to have standing under Article III of the U.S. Constitution to seek injunctive relief in any federal case.

Alternatively, while the entire Complaint should be dismissed on the multiple dispositive grounds above, Plaintiff's Complaint contains various "superfluous historical" allegations, in the form on anonymous hearsay posts on third party websites, having nothing to do with the parties and claims in this case. Further, it is readily apparent that Plaintiff's class allegations are also so facially defective, such that certification cannot be granted as pled. Thus, should the Court not dismiss the Complaint in whole or in part for any reason, it should nevertheless strike Plaintiff's

---

[1] These requirements are found in the TCPA's implementing regulations, 47 C.F.R. § 64.1200(d). As discussed below, several courts have held the TCPA's internal DNC rules do not afford litigants a private cause of action. This Court should too.

plainly-improper class and other allegations from the Complaint now under Rules 12(f) and/or 23, before the parties waste time and effort in discovery relating to them.

## APPLICABLE LEGAL STANDARDS

### A.    Rule 12(b)(6): Failure to State a Claim for Relief

Fed. R. Civ. P. 12(b)(6) provides for dismissal where (as here) a plaintiff fails to sufficiently plead a claim for relief. Of course, any legal claim brought in any federal court mandates the pleading of sufficient facts, and a "bare assertion" or "conclusory allegation[s]" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, the Court "need not credit the non-movant's conclusions of law or unreasonable factual inferences." *Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*, 450 F.3d 130, 133 (3d Cir. 2006). Thus, while this Court must generally accept well-pled factual allegations as true under Rule 12(b)(6), it need not do so for conclusory allegations, unwarranted or unreasonable inferences, and legal conclusions. *See, e.g., Bridges v. Torres*, 809 F.App'x 69, 71 (3d Cir. 2020); *Santiago v. Warminster Township,* 629 F.3d 121, 128 (3d. Cir. 2010); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). *See also Cornell Univ. v. Illumina, Inc.*, 2012 WL 1885129, at *5 (D. Del. May 23, 2012), *report and rec. adopted,* 2012 WL 2564888 (June 29, 2012) ("[W]hen deciding a Rule 12(b)(6) motion, 'a court is not to

strain to find inferences favorable' to the non-moving party.") (quoting *Redden v. Smith & Nephew, Inc*., 2010 WL 2944598, at \*3 (N.D. Tex. July 26, 2010)).

### B. <u>Rule 12(b)(1): Lack of Federal Subject Matter Jurisdiction</u>

A complaint is also properly dismissed under Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction where the plaintiff lacks standing under Article III of the U.S. Constitution. *See, e.g., Buckley v. Early Warning Servs., LLC.,* 2021 WL 5413887, at \*1 (E.D. Pa. Sept. 28, 2021). Requests for certain forms of relief—like injunctive relief for example, as Plaintiff requests in this case—may also be dismissed under Rule 12(b)(1) where the plaintiff lacks Article III standing to seek such relief. *See, e.g., Miller v. Time Warner Cable Inc.,* 2016 WL 7471302, at \*2–4 (C.D. Cal. Dec. 27, 2016) (dismissing request for injunctive relief in TCPA case for lack of standing where there were no allegations suggesting possible future harm). This Court need not accept as true bald conclusory allegations under Rule 12(b)(1), either. *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016).

### C. <u>Rules 12(f) and 23: Striking Improper Class and Other Allegations</u>

Under Rule 12(f), this Court "may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Further, it is well-accepted that where (as here) "the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action under Rule 23, a court may properly resolve class certification at the pleadings stage on a motion to strike under Rule 12(f), before the

plaintiff has even moved to certify a class. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Royal Mile Co. v. UPMC*, 40 F. Supp. 3d 552, 578 (W.D. Pa. 2014). While CHW acknowledges that motions to strike are generally disfavored, courts have held that judges may (and indeed ***should*** in appropriate cases) properly strike faulty class allegations prior to class certification under Rule 12(f) where "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met" under Rule 23. *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003); *see also Royal Mile Co.*, 40 F. Supp. 3d at 586 (finding it was "'plain enough from the pleadings' that plaintiffs cannot meet the requirements of Rule 23"); *Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking class allegations because allowing untenable class claims to proceed beyond the pleadings "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)); *Twombly*, 550 U.S. at 558-59 (2006) (discussing the expense, burden, and potential for discovery abuse in allowing deficiently-pleaded claims to proceed to discovery, which neither "careful case management" nor "careful scrutiny of evidence at the summary judgment stage" will protect against).

## ARGUMENT

### I.    Plaintiff's Entire Complaint Should Be Dismissed Under Rule 12(b)(6) for Failure to State a Plausible Claim for Relief Under the TCPA.

In Count I of the Complaint (¶¶ 75-77), Plaintiff invokes Section 227(b) of the

TCPA, which provides *inter alia* that no person shall "make any call … using … an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service" without the recipient's "prior express consent" 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1) & (2). In Count II (¶¶ 79-82), Plaintiff seeks relief under the TCPA's "internal" DNC rules, which generally require any "person or entity making a call for telemarketing purposes" to "honor a residential subscriber's do-not-call request" made to them within a "reasonable time" and no later than 30 days, and to have internal policies and procedures in place meeting certain minimum standards. 47 U.S.C. § 227(c)(5) & (d); 47 C.F.R. § 64.1200(d). As shown below, Plaintiff failed to adequately plead actual facts in support of these claims.

## A.    Plaintiff Fails to Plead Facts Supporting a Theory of Liability.

As a threshold matter, Plaintiff fails to plead a viable theory of TCPA liability against CHW, which alone warrants dismissal of his entire Complaint. "For a person to 'make' [or 'initiate'] a call under the TCPA [and thus be subject to any TCPA liability], the person must either (1) ***directly make*** the call, or (2) have an ***agency relationship*** with the person who made the call." *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc*., 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)) (emphasis added). *See also Rogers v. Postmates Inc.*, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) ("There are two potential theories of liability under the TCPA: (1) direct

-7-

liability; and (2) vicarious liability.") (citing *Thomas v. Taco Bell Corp.*, 582 F.App'x 678, 679 (9th Cir. 2014)). Here, Plaintiff fails to sufficiently allege either theory.

As to the former theory, it is well-established that direct TCPA liability applies only to persons or entities that "initiate" telemarketing calls, and that to "initiate" in this context means to "***physically place***" a call or send a text. *Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)) (emphasis added). *Accord Klein v. Just Energy Grp., Inc.*, 2016 WL 3539137, at *8 (W.D. Pa. June 29, 2016) ("[T]he verb 'make' imposes civil liability only on the party that [physically] places the call or text.") (citation omitted)). This rule applies equally to claims brought under the TCPA's DNC provisions. *See, e.g., Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014). Courts in the Third Circuit have likewise firmly adopted this rule, and thus have frequently dismissed conclusory TCPA claims at the pleadings stage (like Plaintiff's here) under Rule 12(b)(6) on this basis. *See, e.g., Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021); *Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (citing *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)); *Landy v. Nat. Power Sources, LLC,* 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021).

Additionally, it is also well-settled that any TCPA plaintiff hoping to allege a viable direct liability theory and to survive a motion to dismiss under Rule 12(b)(6)

must offer much more than just barebones legal conclusions and speculation that the defendant "made" or "initiated" the phone calls or text messages at issue. *See Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019). *See also Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at *1 (N.D. Ill. Sept. 22, 2021) (dismissing under Rule 12(b)(6) and holding that, to avoid dismissal on this basis, all TCPA plaintiffs must allege facts to "allow the Court to reasonably infer that defendant is [directly] liable for ***each call***" at issue) (emphasis added); *Metzler v. Pure Energy USA LLC*, 2023 WL 1779631, at *6 (S.D.N.Y. Feb. 6, 2023) (all TCPA plaintiffs must "allege facts from which the Court can plausibly infer that [d]efendant has direct liability, even if it is also plausible that a third party made the call").[2]

Thus, federal courts have widely recognized that even a call allegedly offering the defendant's products, identifying the defendant by name, and/or originating from someone associated with the defendant in some fashion does not allow for a plausible inference that the defendant itself (and not a third party) physically placed any call for direct TCPA liability purposes, standing alone. *See, e.g., Scruggs,* 2020 WL 9348208, at *7-10 (conclusory allegations that one caller expressly stated he/she was

---

[2] While various provisions of the TCPA use the terms "make" or "initiate" somewhat interchangeably, courts evaluating and dismissing conclusory direct TCPA liability claims like Plaintiff's (including those above and many others) have <u>uniformly</u> held that "make" or "initiate" in this context means to "physically" make the calls at issue. *See also Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *3–5 (N.D. Cal. Mar. 28, 2018); *Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020); *Scruggs v. CHW Grp., Inc.,* 2020 WL 9348208, at *8 (E.D. Va. Nov. 12, 2020).

"associated with" CHW and identified CHW by name were insufficient for direct <u>or</u> vicarious TCPA liability); *Barnes v. SunPower Corp.,* 2023 WL 2592371, at *3 (N.D. Cal. Mar. 16, 2023) (dismissing on this basis, even though one plaintiff allegedly spoke to someone "who identified herself as working for" defendant, and the other plaintiff purportedly received a "call back number" for defendant by the caller and received an email from defendant after the call); *Abante Rooter,* 2018 WL 288055, at *4 (holding allegations that the plaintiff received a call from someone purportedly calling on behalf of the defendant and who identified defendant by name were insufficient for direct TCPA liability); *Meeks*, 2018 WL 1524067, at *1-5 (finding no direct TCPA liability, even though at-issue texts identified the defendant by name).

Instead, for direct TCPA liability to attach in this case, Plaintiff must plead actual specific facts—and not just bald conclusions—in his Complaint suggesting that CHW <u>itself</u> literally picked up the phone and <u>physically</u> called him <u>directly</u> for <u>each</u> call. *See, e.g., Landy,* 2021 WL 3634162, at *3 (no direct TCPA liability where plaintiff did not sufficiently allege defendant itself physically placed the call); *Direct Building Supplies*, 2021 WL 4623275, at *3 (same); *Vision Solar*, 2020 WL 5632653, at *3 (allegations the "[d]efendant contacted or attempted to contact [plaintiff] from multiple telephone numbers confirmed to belong to [d]efendant" insufficient for direct liability) (citing *Aaronson,* 2019 WL 8953349, at *2 (dismissing where plaintiff "failed to plead facts sufficient to support a theory of direct liability under the TCPA

because plaintiff's allegations d[id] not show plausibly that [CHW] actually, physically initiated the telephone calls at issue")). Plaintiff did not meet this standard.

As applied here, Plaintiff does <u>not</u> plausibly allege that CHW itself—as opposed to some third party—physically initiated each of the calls or texts at issue in this case, as is indisputably required to plead direct TCPA liability under the weight of applicable authority cited above. For example, for the vast majority of the alleged calls, Plaintiff does not indicate whether he even answered them, and he does not give the originating phone number or provide any content of the calls (even though some of these callers purportedly left him voicemails), such that this Court could reasonably infer that CHW physically placed those calls. *See*, *e.g.*, Dkt. 1, ¶¶ 26-28, 34, 39-40, 47, 52, 55, 56, 58. Again, to hold CHW liable under the TCPA here, Plaintiff "must [plausibly] allege in [his] [C]omplaint that [CHW] made ***each call*** that [he] seeks to hold it [directly] liable for" or face dismissal. *Brownlee*, 2021 WL 4306160, at *1 (emphasis added). *See also Direct Building Supplies,* 2021 WL 4623275, at *3 (dismissing where the complaint lacked such specific facts about the numbers and callers at issue); *Doyle v. GoHealth, LLC*, 2023 WL 3984951, at *4–6 (D.N.J. Mar. 30, 2023) (dismissing on this basis where the plaintiff did "not allege that the number associated with the call …belonged to [d]efendant"). Plaintiff plainly did not do so.

Similarly, while Plaintiff alleges that some calls originated from a 940 (Texas) area code number and that some of those calls also resulted in voicemails, he merely

concludes without any factual support that this Texas number "is operated by Choice Home Warranty," and he still provides no content for these additional calls, either. *See*, *e.g.*, Dkt. 1, ¶¶ 41-46, 48, 50-51, 56-57. *See also Aaronson*, 2019 WL 8953349, at *2 ("[W]ithout any facts to explain why plaintiff believes the identified phone number is owned by [CHW], ... plaintiff has failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations do not show plausibly that [CHW] actually, physically initiated the telephone calls at issue.").

At best, Plaintiff alleges (or, rather, merely concludes) that (i) prior to receiving the calls from the Texas area code, he received <u>one</u> call from a toll-free number (800-495-6090) that he notes appears in CHW's privacy policy, and (ii) after the Texas calls, he subsequently received <u>one</u> call from a different toll-free number (800-814-4345) that was provided in a voicemail as a callback number for CHW. *See*, *e.g.*, Dkt. 1, ¶¶ 30, 33, 60, 61. However, Plaintiff does not indicate whether these numbers appeared on his Caller ID or if he is just assuming they did, let alone tie those two calls with the others he alleges violated the TCPA. *See also Hicks*, 2020 WL 9261758, at *5 (holding that allegedly providing a call back number belonging to the defendant insufficient for direct liability, without more); *Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) (dismissing where "the Amended Complaint is silent as to the caller ID displayed during the Prerecorded Call"). Further, Plaintiff does not try to

explain why CHW, a New Jersey-based company (*see* Dkt. 1, ¶ 2), would inexplicably call him initially from one toll-free number, then from a different Texas non-toll-free number (where CHW is not located), and then from a completely different toll-free number. *See also Cornell Univ. v. Illumina, Inc.,* 2012 WL 1885129, at *5 (D. Del. May 23, 2012), *report and rec. adopted*, 2012 WL 2564888 (June 29, 2012) ("[W]hen deciding a Rule 12(b)(6) motion, 'a court is not to strain to find inferences favorable' to the non-moving party.") (quoting *Redden v. Smith & Nephew, Inc*., 2010 WL 2944598, at *3 (N.D. Tex. July 26, 2010)); *Curay-Cramer*, 450 F.3d at 133 (plaintiffs are only entitled to "reasonable" inferences in their favor under Rule 12(b)(6)).

In the end, however, Plaintiff's Complaint only serves to confirm that ***he does not actually know who physically placed each of the alleged violative calls***, and thus that he has not sufficiently alleged a direct TCPA liability theory.[3] For example, Plaintiff contradictorily alleges elsewhere in his Complaint, *inter alia,* that (i) CHW "***and/or its agents*** transmitted unwanted telephone calls to Plaintiff Bradshaw …

---

[3] Nor is Plaintiff entitled to any discovery to help him plead such facts. As one court aptly noted in a TCPA case, "[a]s master of his Complaint, it is [Plaintiff's] burden to state the facts within his knowledge that, taken as true, constitute a violation or violations of law [without the benefit of discovery]. [Plaintiff] possesses knowledge as to each and every telephone call he [allegedly] received from [CHW] and is perfectly capable of pleading facts to indicate to the Court that those calls violated the TCPA. As [Plaintiff] failed to plead these facts, his Complaint must be dismissed pursuant to Rule 12(b)(6)." *See, e.g., Hyatt v. J.B. Hunt Transp. Servs., Inc*., 2015 WL 13648356, at *2 (W.D. Ark. June 16, 2015). *See also Hurley v. Messer,* 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018) (dismissing TCPA case in part on direct liability grounds, and noting that "allowing discovery where Plaintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*").

using a pre-recorded voice message"; and (ii) "[t]he unauthorized solicitation calls and text messages that Plaintiff received *from or on behalf of* Defendant have harmed Plaintiff" *See*, *e.g.*, Dkt. 1, ¶¶ 65, 75; *see also id.* ¶ 71(a) (class allegations, speculating whether CHW "*or its agents* placed pre-recorded voice messages calls to Plaintiff") (all emphases added). In other words, what Plaintiff really alleges here, at bottom, is that either CHW or countless unidentified third parties are at fault, which is insufficient to state a direct TCPA liability claim. *See, e.g., Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (holding similar allegations that calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too conclusory to state a plausible [TCPA] claim"). Worse, such obviously "[c]ontradictory allegations … are [also] inherently implausible, and [thus] fail to comply with Rule 8, *Twombly*, and *Iqbal*" and cannot avoid dismissal under Rule 12(b)(6), either. *Hernandez v. Select Portfolio, Inc.,* 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015). This Court should reach the same conclusion here, and dismiss Plaintiff's Complaint on direct liability grounds.

Lastly, other than employing a few legal buzzwords (*e.g.*, "agent" or "on behalf") as noted above, Plaintiff does not plead any facts remotely supporting an inference that CHW was in a common law agency relationship with any third party "agent" that called him, let alone that CHW had any "control" over such an agent and its call campaign (which is the key touchstone of vicarious liability under the TCPA

and must also be pled[4]), even in a conclusory fashion. Thus, his Complaint should also be dismissed on vicarious liability grounds. *See, e.g., Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 619 (E.D. Pa. 2015) (dismissing where plaintiff did not plead allegations that could plausibly support his vicarious TCPA liability theories); *Kline v. Elite Med. Labs., Inc.*, 2019 WL 6828590, at *6 (M.D. Pa. Dec. 13, 2019) (ruling similarly and dismissing on this basis); *Landy*, 2021 WL 3634162, at *4 ("[a]n entity cannot be held [vicariously] liable under the TCPA 'merely because they stand to benefit from the call'") (citation omitted); *Meeks*, 2018 WL 1524067, at *6 (dismissing where complaint lacked facts suggesting defendant controlled "whether, when, and to whom to send the text messages, along with their content"); *Rogers*, 2020 WL 3869191, at *8 (dismissing and ruling similarly).

All told, Plaintiff's "either/or" pleading tactic has been rejected time and again by countless courts, both in and outside of the TCPA context. Because Plaintiff does not properly allege plausible facts supporting a direct or vicarious TCPA liability theory, this Court should dismiss both of Plaintiff's TCPA claims under Rule 12(b)(6) on these bases alone. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of

---

[4] *See, e.g., Doyle v. Matrix Warranty Sols., Inc.,* 2023 WL 4188313, at *4 (D.N.J. June 26, 2023); *Cunningham v. Daybreak Solar Power, LLC,* 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023); *Rogers v. Assurance IQ, LLC,* 2023 WL 2646468, at *6 (W.D. Wash. Mar. 27, 2023).

the TCPA and [equivalent state statute]—that Defendants were directly or vicariously liable for the text messages—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements" of his claims.).

**B.    Plaintiff Fails to Plead Facts Supporting Other Essential Elements of His Asserted TCPA "Prerecorded Call" Claim (Count I).**

Beyond failing to plead a viable direct or vicarious TCPA liability theory, which alone warrants a complete dismissal here, Plaintiff's asserted "prerecorded call" claim under Section 227(b) of the TCPA in Count I fares no better on its own.

To avoid dismissal on this front, the Complaint also "must include some factual allegations beyond 'the call had a prerecorded voice.'" *Smith v. Pro Custom Solar LLC*, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021). *See also Manopla v. Sansone Jr's 66 Automall*, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020) (dismissing § 227(b) claim where plaintiff failed to allege facts "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[ed] the content of the message and conclusory allege[d] that Defendant utilized a pre-recorded message"). Again, while courts do not expect "technical specifications" about the delivery mechanism used, they do uniformly require plaintiffs to plead sufficient supporting details from which a "prerecorded message" as opposed to a live human speaking can be inferred. *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

As such, courts in this Circuit have held that, to plausibly allege such a TCPA claim, a complaint must contain some factual allegations beyond merely concluding

any voice heard was "prerecorded," and instead must provide sufficient contextual details from which it can be inferred that such a voice (as opposed to a live speaker simply reading from a script) was used. *See, e.g., Trumper v. GE Capital Retail Bank,* 2014 WL 7652994, at *2 (D.N.J. July 7, 2014); *Manopla*, 2020 WL 1975834, at *2; *Pro Custom Solar LLC*, 2021 WL 141336, at *3.[5] Plaintiff failed to do so here.

In the present case, Plaintiff alleges that he received: (i) various voicemails "playing the background noises of a call center" (which suggests that they were all <u>live</u> calls) and (ii) <u>one</u> voicemail on December 8, 2023 that he concludes was "pre-recorded." Dkt. 1, ¶¶ 42, 45, 49, 51, 57, 60-61. While Plaintiff does not explain why CHW would suddenly go from leaving him live voicemails to leaving one "pre-recorded" voicemail (probably because this is inexplicable), he concludes that he "believes this [one] voicemail [was] pre-recorded" in contrast to all the others (i) "because it appears to start mid sentence, is generic, is commercial, and the delivery sounds robotic" and (ii) "other consumers have recorded and posted the identical voicemail online (with minor differences attributable to transcription software errors)." *Id*. ¶¶ 61-62 (citing https://directory.youmail.com/phone/800-814-4345).

---

[5] Myriad courts have ruled similarly, and have dismissed on this basis. *See Curry v. Synchrony Bank, N.A.,* 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016); *Saragusa v. Countrywide,* 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016), *aff'd* 707 F.App'x 797 (5th Cir. 2017); *Aaronson*, 2019 WL 8953349, at *3; *Caruso v. Cavalry Portfolio Svcs.,* 2019 WL 4747679, at *4 (S.D. Cal. Sept. 30, 2019); *Winters v. Quicken Loans Inc.,* 2020 WL 5292002, at *4 (D. Ariz. Sept. 4, 2020); *Rogers*, 2023 WL 2646468, at *4; *Metzler*, 2023 WL 1779631, at *6. This Court should too.

However, what Plaintiff tellingly <u>omits</u> from his Complaint is that: (i) there are two other voicemail recordings on the same third party website on which he relies, neither of which are identical in content to the one Plaintiff claims to have received here; (ii) one of those is for an unrelated ***home security company*** (not CHW, which sells home *warranty* products), which further undermines his direct liability allegations; (iii) the one he claims is identical to the one he allegedly received is <u>not</u> completely identical in content;[6] (iv) no one on that site claims the voicemails they received sounded "robotic" (or "pre-recorded") and, if anything, the posters suggest they were speaking with live persons, possibly reading from scripts; and (v) none of the recordings posted are dated, let alone authenticated, so it is just as reasonable to infer Plaintiff himself posted this recording online to bolster his claim here. In short, Plaintiff's reliance on this website does not help, and instead undermines, his claim.[7]

Regardless, others courts have rejected similar conclusory allegations as being insufficient to plausibly allege a claim under Section 227(b) of the TCPA. *See, e.g.,* *Hicks*, 2020 WL 9261758, at *5 (dismissing such a claim where recordings on the

---

[6] Plaintiff's rank speculation that there are "minor differences" between the two recordings "attributable to transcription software errors" is not a fact and should not be taken as true here. *See Thomas v. Varano,* 532 F. App'x 142, 146, n. 3 (3d Cir. 2013) ("Although discovery may ultimately reveal this statement to be true, at this point it is mere speculation and has no bearing on our Rule 12(b)(6) analysis.").

[7] For example, one person on that website indicates they spoke with a live person from a "Pakistani call center" while also noting the number used "is not associated with Choice Home Warranty anywhere on the internet" other than on ***that*** site. *See* https://directory.youmail.com/phone/800-814-4345 (posting dated Sept. 11, 2023).

same website cited here did not support the plaintiff's conclusions regarding the pre-recorded nature of the calls); *Metzler*, 2023 WL 1779631, at *6, nn. 12-13 (dismissing similar claim where plaintiff only received one allegedly "prerecorded" voicemail, and "[t]he voicemail [recording] itself provide[d] no indication that it was prerecorded as opposed to having been left by a caller reading from a script" and was not completely "identical" to the one the plaintiff received "based on the transcription provided"). This Court should rule similarly and dismiss Count I on this basis, too.

### C. Plaintiff Fails to Plead Facts Supporting Other Essential Elements of His Asserted TCPA "Internal Do Not Call" Claim (Count II).

Plaintiff's attempt to state a claim under the TCPA's "internal DNC" regulations in Count II of the Complaint also fails on several additional levels:

**First**, Count II should be dismissed simply because there is no private cause of action for violations of the TCPA's "internal" DNC regulations that Plaintiff invokes, which are only technical and procedural in nature. Indeed, as one district court aptly noted, Section 64.1200(d) "was ... promulgated under [Section] 227(d), a subsection of the TCPA which does not provide a private cause of action," as opposed to Section 227(c) of the TCPA, which does. *Braver v. NorthStar Alarm Serv., LLC,* 2019 WL 3208651, at *14-15 (W.D. Okla. July 16, 2019) (granting summary judgment on plaintiff's § 64.1200(d) claim for this reason). *Accord Wilson v. PH Phase One Operations L.P.*, 422 F. Supp. 3d 971, 981-982 (D. Md. 2019) (dismissing on this basis); *Worsham v. Travel Options, Inc.,* 2016 WL 4592373, at *4, 7 (D. Md. Sept. 2,

2016), *aff'd,* 678 F.App'x 165 (4th Cir. 2017) (same); *Burdge v. Ass'n Health Care Mgmt. Inc*., 2011 WL 379159, at *4 (S.D. Ohio Feb. 2, 2011) (same). Because Section 64.1200(d) does not provide a private cause of action, Count II should be dismissed under Rule 12(b)(6) <u>with prejudice</u>. *See Wilson,* 422 F. Supp. 3d at 981-982.

In response to this Motion, CHW anticipates that Plaintiff may cite contrary opinions and argue that Section 64.1200(d) of the regulations falls under Section 227<u>(c)</u> of the TCPA, which does afford him a private right of action. However, many of the cases holding as much rely primarily, if not exclusively, on the deeply-flawed ruling in *Charvat v. NMP*, 656 F.3d 440 (6th Cir. 2011), or on cases relying on that faulty decision, where the Sixth Circuit merely "***state[d]***" that Section 64.1200(d) was promulgated under Section 227(c) of the TCPA rather than Section 227(d) "***without [any] analysis***." *Braver*, 2019 WL 3208651, at *15 (emphasis added). In stark contrast to *Charvat* and courts that have blindly followed that decision, numerous other federal district courts (including those cited above and others) have performed a ***thorough*** well-reasoned analysis of the TCPA's legislative history, and have agreed that there is <u>no</u> private cause of action under the internal DNC rules, which are technical and procedural in nature and thus promulgated under Section 227(d), which does not afford litigants a private right of action.[8] The Third Circuit has apparently yet to weigh

---

[8] *See also Worsham v. Disc. Power, Inc.,* 2021 WL 5742382, at *3 (D. Md. Dec. 1, 2021), *aff'd*, No. 22-1942, 2023 WL 2570961 (4th Cir. Mar. 20, 2023).

in on this front. Accordingly, CHW respectfully submits this Court should follow the well-reasoned opinions above, reject *Charvat* and its progeny, rule here that Section 64.1200(d) of the TCPA's regulations does <u>not</u> afford Plaintiff private cause of action for alleged internal DNC violations, and dismiss Count II on this additional basis.

**<u>Second</u>**, even if this Court were to find that there is a private cause of action for alleged violations of the TCPA's internal DNC regulations (and it should not), Count II should still be dismissed because Plaintiff does not allege, with sufficient non-conclusory supporting facts, that CHW failed to implement the minimum requisite procedures required by Section 64.1200(d) at the time of the alleged calls/texts.

As one federal district court correctly held when dismissing a similar TCPA claim on this basis, it is not enough for a plaintiff "simply [to] recite[] the requirements of 47 C.F.R. § 64.1200(d) and conclusorily allege[] that they were violated" to avoid dismissal. *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012). *See also Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 505-506 (D.R.I. 2020) (dismissing Section 64.1200(d) claim on this basis). Along those lines, courts recognizing such a cause of action have held that the TCPA's "internal" DNC regulations do not prohibit "actually calling [or texting] an individual after the individual has requested placement on a[n] [internal] do-not-call list ... nor do the regulations specifically proscribe failing to record an individual's request to be placed on a do-not-call list." *Charvat v. DFS Servs. LLC,* 781 F. Supp. 2d 588, 592 (S.D.

Ohio 2011) (citing *Charvat v. GVN,* 561 F.3d at 632). In other words, a violation of

Section 64.1200(d) <u>only</u> stems from "the initiation of the phone call without having

[first] implemented the minimum procedures" and <u>not</u> when an internal DNC request

is not honored or for other reasons (*e.g.*, training employees, having or providing a

copy of a written internal DNC policy, maintaining the internal DNC list, etc.).

*Charvat v. GVN,* 561 F.3d at 632. Put differently, the operative question is whether

the caller ***maintained*** such procedures in the first instance prior to sending the

violative texts, not merely whether additional call/texts were allegedly received after

a request to be placed on the caller's internal DNC list. *See id.*; *see also Barr v.*

*Macy's.com, LLC,* 2023 WL 6393480, at \*4–6 (S.D.N.Y. Sept. 29, 2023) (dismissing

internal DNC claim brought by the same counsel representing Plaintiff on this basis,

recognizing that the "mere fact" a plaintiff receives a call or text after an internal DNC

request is not a violation of the internal DNC regulations, standing alone) (citing

*Simmons v. Charter Commc'ns, Inc.,* 222 F. Supp. 3d 121, 140 (D. Conn. 2016), *aff'd,*

686 F. App'x 48 (2d Cir. 2017)). This Court should rule similarly in the present case.

As applied here, Plaintiff's scant allegations regarding CHW supposed lack of

internal DNC policies and procedures—which appear mostly in a ***single paragraph***—

are entirely conclusory and merely parrot the statutory text. *See, e.g.,* Dkt. 1, ¶ 80

("Defendant placed calls to Plaintiff and members of the Class without implementing

internal procedures for maintaining a list of persons who request not to be

called/texted by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant to initiate telemarketing calls/text messages.").[9] Courts in jurisdictions recognizing such a cause of action have held that such bald allegations are insufficient to state a claim, without more. *See, e.g., Barr*, 2023 WL 6393480, at *5 (dismissing and rejecting nearly identical allegations).

Further, Plaintiff tellingly does <u>not</u> allege, for example, that he requested a copy of CHW's internal DNC policy at any point—which he could have done, per the statute (*see* 47 C.F.R. § 64.1200(d)(1))—and that CHW failed to provide it upon demand. That would not be a violation of the internal DNC rules by itself as noted above, but doing so might at least have given Plaintiff a minimal factual basis to allege whether CHW had internal procedures in place before he was called or texted. *See also Barr,* 2023 WL 6393480, at *5 (noting that requesting a copy of the defendant's internal DNC policy might "bolster" such a claim); *Rahimian v. Adriano*, 2022 WL 798371, at *3 (D. Nev. Mar. 16, 2022) (ruling similarly and dismissing). Worse, Plaintiff contradicts himself by referring elsewhere to CHW's privacy policy (*see* Dkt. 1, ¶ 33), which indicates ***CHW did in fact have such internal DNC procedures in place. See also Garcia v. Munoz,*** 2008 WL 2064476, at *7 (D.N.J. May 14, 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997) ("[A] plaintiff can

---

[9] *See also id.* ¶17 (concluding, without factual support, that CHW "also systematically fails to remove consumer phone numbers from its dialing systems when consumers opt-out from receiving calls, as per Plaintiff's experience").

plead himself out of court by alleging facts which show that he has no claim….")).

In sum, there are zero facts in the Complaint from which the Court could infer whether CHW did not have or maintain internal DNC procedures at the time of the alleged calls and texts, as is required to state such a claim (in jurisdictions where recognized) under the weight of federal applicable authority. And it contains directly contradictory facts undermining such a claim. Therefore, Count II should be dismissed pursuant to Rule 12(b)(6) on this basis, as well. *See, e.g.*, *Bailey*, *Laccinole*, *Barr*, *Simmons*, *Rahimian*, *supra*; *see also Callier v. Nat'l United Grp., LLC,* 2021 WL 5393829, at *7 & 9-10 (W.D. Tex. Nov. 17, 2021) (ruling similarly and dismissing).

**Third**, Section 227(c) of the TCPA (which Plaintiff invokes to assert his internal DNC claim) and its related implementing regulations indisputably apply <u>only</u> to "*residential* telephone subscribers." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) (emphasis added). *See also Cunningham v. Politi,* 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019) (dismissing under Rule 12(b)(6), noting: "The private right of action created by … § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers."). Courts that have recognized a private cause of action for violations of the TCPA "internal" DNC procedural regulations (*i.e.*, 47 C.F.R. § 64.1200(d)) have ruled similarly—*i.e.,* that those regulations apply only to "residential" numbers, not all numbers. *See Cunningham v. Rapid Capital*

*Funding, LLC/RCF,* 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *report and rec. adopted,* 2017 WL 3776165 (Aug. 31, 2017) (dismissing on this basis).

Moreover, federal district courts in the Third Circuit and elsewhere have widely recognized that plaintiffs hoping to bring TCPA DNC claims must allege first sufficient non-conclusory facts showing that the subject phone number (*i.e.*, the number at which the plaintiff received the alleged calls) is **actually used** for "residential" purposes, or will face dismissal under Rule 12(b)(6). *See, e.g., Rogers,* 2023 WL 2646468, at *4; *Hicks,* 2020 WL 9261758, at *5; *Vision Solar LLC,* 2020 WL 5632653, at *3; *Politi,* 2019 WL 2517085, at *4; *Rapid Capital Funding,* 2017 WL 3574451, at *3; *Gillam v. Reliance First Capital, LLC,* 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023). *See also Morgan v. U.S. Xpress, Inc.,* 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) (dismissing similar TCPA claim applying only to "residential" lines, noting that the plaintiff's characterizations that her number is a "residential" line "are not factual allegations, but legal terms drawn from the operative statute"). Courts have also held that whether someone qualifies as a "residential subscriber" for purposes of a TCPA DNC claim generally depends on certain conditions, including for example that the subject number "is the **primary means of reaching the individual at their residence**—that is, there is **no other landline or phone at their residence** which is instead the primary means of reaching them." *Mantha v. QuoteWizard.com, LLC*, 2022 WL 325722, at *6 (D. Mass. Feb. 3, 2022)

(emphasis added). Applying these maxims further warrant dismissal of Count II here.

Indeed, in his Complaint, Plaintiff merely concludes that he "uses his cell phone number for personal use only" and that "[i]t is not associated with a business." Dkt. 1, ¶¶ 21-22. However, it is well accepted that merely alleging that a phone number is used for "personal" calls or not for "business" calls fails, without more, to plausibly allege "residential" use for a DNC claim. *See, e.g., Hicks*, 2020 WL 9261758, at *5 (dismissing TCPA DNC claim brought by same counsel as Plaintiff's on this basis, where the plaintiff also merely concluded that his cell phone number was "not associated with a business and is for personal use"); *Gillam,* 2023 WL 2163775, at *4 (same, dismissing **with prejudice**); *Rogers,* 2023 WL 2646468, at *4 (dismissing on this basis, holding that alleged "personal" use of the subject number was insufficient to plead this element, and noting that "[t]hese are facts that are easily within the knowledge of [p]laintiffs and can be pleaded to remove any doubt about … whether those numbers are for residential use"). Additionally, Plaintiff does not allege any facts suggesting the phone number at issue here is the ***primary means*** of reaching him at his residence, let alone that there is ***no*** landline or other phone at his residence that is the primary means of reaching him there. *See, e.g., Mantha,* 2022 WL 325722, at *6. These facts are within Plaintiff's knowledge and could easily be pled, if they exist. That they were not is telling, and underscores the fatal defects in his claim. Thus, under the weight of applicable authority above, Plaintiff has not plausibly alleged that

-26-

he is a "residential telephone subscriber" within the meaning of the TCPA's regulations, which further dooms Count II to dismissal under Rule 12(b)(6).

## II.    Plaintiff's Requests for Injunctive Relief Should Be Dismissed Under Rule 12(b)(1) for Lack of Federal Subject Matter Jurisdiction / Standing.

Additionally, among other remedies, Plaintiff generally seeks injunctive relief. *See, e.g.,* Dkt. 1, ¶¶ 19, 71, 73, Prayer. Yet, Plaintiff does not allege that he is at risk of any <u>future</u> injury (*i.e.*, of receiving additional calls from our on behalf of CHW in the future), as is required to demonstrate Article III standing for injunctive relief, in TCPA cases or in others. *See, e.g., Miller,* 2016 WL 7471302, at *2–4 (dismissing request for injunctive relief in TCPA case on standing grounds where there were no plausible factual allegations suggesting possible future harm); *Schaevitz v. Braman Hyundai, Inc.,* 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (same).[10] Thus, Plaintiff's bald requests for injunctive relief should be dismissed under Rule 12(b)(1).

## III.    Alternatively, the Court Should Strike Certain Improper Allegations from the Complaint Pursuant to Rules 12(f) and/or 23.

If the Court does not dismiss the Complaint, it should nevertheless strike certain facially improper allegations, identified below, under Rules 12(f) and/or 23.

**<u>First</u>**, federal district courts, in the TCPA context and in others, have recognized that "'[s]uperfluous historical allegations are a proper subject of a [Rule

---

[10] *See also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (to have standing for injunctive relief, plaintiffs adequately plead that "the threatened injury is 'certainly impending,' or [that] there is a 'substantial risk' that the harm will occur.").

12(f)] motion to strike.'" *Hicks,* 2020 WL 9261758, at *5 (quoting *Woo v. Home Loan Group, L.P.*, 2007 WL 6624925, at *5 (S.D. Cal. Jul. 27, 2007) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994))). The same is true for allegations about complaints filed in other cases or, as particularly relevant here, online "complaints" posted anonymously by third parties. *See, e.g., Hicks,* 2020 WL 9261758, at *5-6 (striking similar allegations in TCPA case). In this case, paragraphs 18, 63 and 64 of the Complaint (and the associated footnotes) contain numerous improper allegations that should be stricken in their entirety under Rule 12(f). These refer to anonymous posts on third party websites Plaintiff suggests are reflective of unsolicited calls to ***other*** consumers from or on behalf of CHW. Yet, nothing in those posts (which are pure hearsay) suggests CHW is liable for the ***specific*** alleged calls to Plaintiff at issue ***here***. *See also Hicks,* 2020 WL 9261758, at *6 (noting such allegations "offer attenuated information that does little to support Plaintiff's claims"); *Fisher v. Alarm.com Holdings, Inc.,* 2018 WL 5717579, at *3 (N.D. Ill. Nov. 1, 2018) (allegations involving defendant's conduct in unrelated case did nothing to support an inference that defendant was liable in case at bar). Thus, these unsubstantiated internet hearsay allegations about alleged calls to ***other*** unidentified persons are irrelevant, immaterial, have no bearing on ***Plaintiff's claims*** or the calls at issue in ***this*** case, and only serve to unduly prejudice CHW. *Id*. Therefore, they should be entirely stricken under Rule 12(f).

-28-

**Second**, both of Plaintiff's proposed class definitions (*see* Dkt. 1, ¶ 68), on their face, are impermissibly "fail-safe" in violation of Rule 23. "A fail-safe class is 'one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim.'" *Zarichny,* 80 F. Supp. 3d at 623 (quoting *Messner v. Northshore University HealthSystem,* 669 F.3d 802, 825 (7th Cir. 2012)). Such facially defective classes are not permitted because they "shield[] the putative class members from receiving an adverse judgment" and "either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment." *Balassiano v. Fogo De Chao Churrascaria (Orlando) LLC,* 2020 WL 7365264, at *3 (M.D. Fla. Dec. 15, 2020), *report and rec. adopted*, 2021 WL 2019722 (Jan. 7, 2021) (citation omitted). As such, courts in this Circuit and elsewhere routinely strike impermissibly "fail safe" classes in TCPA cases at the pleadings stage—especially where the proposed class is limited to include only persons who did not provided their "consent" within the meaning of the TCPA or who did not properly revoke their "consent." *See, e.g., Zarichny,*, 80 F. Supp. 3d at 623-26; *Martinez v. TD Bank USA*, 2017 WL 2829601, at *12 (D.N.J. June 30, 2017).[11] Here, the only persons who could

---

[11] *See also Lindsay Transmission, LLC v. Office Depot, Inc.,* 2013 WL 275568, at *4-5 (E.D. Mo. Jan. 24, 2013); *Boyer v. Diversified Consultants, Inc.,* 306 F.R.D. 536, 540 (E.D. Mich. 2015); *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, at *8-9 (S.D. Ohio May 7, 2014); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016); *Dixon v. Monterey Fin. Servs., Inc.,* 2016 WL 4426908, at *2 (N.D. Cal. Aug. 22, 2016); *Tomaszewski v. Circle K Stores Inc.,* 2021 WL 2661190, at *2–3 (D. Ariz. Jan. 12, 2021); *Bryant v. King's Creek Plantation, LLC*, 2020 WL 6876292, at *3 (E.D. Va. June 22, 2020).

be members of Plaintiff's proposed classes (as pled) are those who did not provide "prior express consent" or received calls after they "communicated their wish to not receive any further communications" (*i.e.*, revoked consent) and, therefore, have a valid TCPA claim. Dkt. 1, ¶ 68. Consequently, membership in each proposed class is expressly predicated on having a successful claim, rendering them impermissibly (indeed classically) fail safe and thus properly stricken at the pleadings stage, too.[12]

## CONCLUSION

For all the reasons stated above, Court should enter an order (ii) dismissing the Complaint, in its entirety, under Rules 12(b)(6) and 12(b)(1), or (ii) alternatively striking the improper allegations identified above under Rules 12(f) and/or 23.

Dated: April 5, 2024                    **Manatt, Phelps & Phillips, LLP**
                                        7 Times Square
                                        New York, NY 10036
                                        Phone: (212) 830-7184
                                        Fax: (212) 790-4545

                                        By: /s/ Kenneth D. Friedman
                                        Kenneth D. Friedman
                                        kfriedman@manatt.com
                                        A. Paul Heeringa (*Pro Hac* Forthcoming)
                                        pheeringa@manatt.com

                                        *Attorneys for Defendant*

---

[12] With Plaintiff's proposed class definitions properly stricken, any and all of the remaining class-related allegations in the Complaint (*see, e.g.,* Dkt. 1, ¶¶ 69-73) would be superfluous and therefore should also be stricken. *See, e.g., Flores v. City of California City,* 2019 WL 1934016, at *6 (E.D. Cal. May 1, 2019) (striking "any reference to a class, Rule 23, or a class action" after dismissal of the class claims).

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 5, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ Kenneth D. Friedman